NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3318

LINDA M. GOULDNER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: April 10, 2006

_____

Before RADER, SCHALL, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying Ms. Gouldner's application for disability retirement under the Federal Employees Retirement System (FERS). Gouldner v. Office of Pers. Mgmt., No. AT-844E-04-0150-I-1 (M.S.P.B. June 15, 2005) (Board Opinion). Because this record shows no reversible errors, this court affirms.

I.

Ms. Gouldner was as a Finance Clerk, Level 6, with the United States Postal Service until she resigned on April 3, 2005, following a criminal investigation for theft of postal funds and property. On May 28, 2002, during investigation, she was placed on

leave without pay. During this time, Ms. Goulder applied for disability retirement claiming an inability to work since June 2002 because of "depression, migraine headaches, stress, anxiety, sleep disorder and paranoia." In 1999, Ms. Gouldner's family physician, Dr. Thomas N. Anderson, diagnosed her as suffering from depression and began treating her for anxiety and depression. In August 2002, Ms. Gouldner began seeing Dr. Margaret R. Mortensen, Ph.D. in Clinical Psychology. Id. The reports and testimony of Dr. Mortensen diagnosed Ms. Gouldner with major depression and post-traumatic stress disorder due to family abuse.

On March 5, 2003, OPM denied Ms. Gouldner's request for disability retirement because she did not meet the disability eligibility requirements. Ms. Gouldner requested reconsideration by OPM. After reconsideration, on October 20, 2003, OPM affirmed the original decision. Ms. Gouldner proceeded to file an appeal with the Board. On March 26, 2004, the Board affirmed OPM's decision and concluded that Ms. Gouldner did not show that she is disabled from useful and efficient service. Board Decision, slip op. at 4. Ms. Gouldner has now filed a review with this court.

II.

This court possesses limited authority to review an appeal from the Board. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Protection Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). This court cannot review the factual underpinnings of a decision by OPM to deny an application for disability retirement under FERS. Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985). This court may only review the determinations in disability benefit cases to ascertain whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Id. (citation and quotes omitted).

Ms. Gouldner primarily complains about the factual determinations made in the denial of her application. This court cannot review those factual underpinnings of OPM's denial.

Ms. Gouldner has claimed that the Board did not take into account, or properly weigh, evidence in her in favor. Again, this court cannot review these factual considerations.

Ms. Gouldner also alleges that the Board did not consider some evidence that would have aided her case. Ms. Gouldner does not explain or provide any proof that any new evidence was rejected by the Board or ever provided at any stage of her proceedings. Again, this court cannot review new evidence. In any event, Ms. Gouldner's allegation is insufficient to demonstrate a reversible error.

Ms. Gouldner claims that the Board incorrectly based its decision on the assumption that she wrote her petition to the Board. Id. Even assuming that the Board made an incorrect assumption, the Board's decision is, nevertheless, supported by substantial evidence. The Board stated Ms. Gouldner "failed to show that she could not perform the duties of her position as a result of those disorders or that she is otherwise

generally foreclosed from employment as a result of those disorders." Board Decision, slip op. at 5. The Board also noted that Dr. Mortensen did not foreclose Ms. Gouldner's return to work or testify that the disability was permanent. Id. Additionally, the Board pointed out that Ms. Gouldner was employed at the time of the decision. Id. Finally, the Board's reference to "the writer" of Ms. Gouldner's petition was not a basis for its decision, but was merely a passing comment, as shown by the fact that this comment begins with "further;" follows many pages of the Board's factual findings; and also follows a lengthy paragraph that contains the Board's determination with its many bases therefor. Id. As a result, substantial evidence supports the Board's decision.

Because Ms. Gouldner has not demonstrated any substantial departure from important procedural rights, any misconstruction of the governing legislation, or any error going to the heart of the administrative determination, this court affirms.